Receipt Number
546733

18

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

TIMOTHY C. DARNELL

        **Plaintiff,**

-vs-

Case: 2:06-cv-13645
Assigned To: Friedman, Bernard A
Referral Judge: Majzoub, Mona K
Filed: 08-15-2006 At 03:33 PM
CMP DARNELL VS SHERMETA (LE)

HON.

**SHERMETA, ADAMS & VON ALLMEN, P.C.**

        **Defendant.**

---

LAW OFFICES OF BRIAN P. PARKER, P.C.
BRIAN P. PARKER (P 48617)
Attorney for Plaintiff
30700 Telegraph Rd., Suite 1580
Bingham Farms, MI 48025
(248) 642-6268
(248) 642-8875 (FAX)
lemonlaw@ameritech.net

---

## COMPLAINT AND DEMAND FOR JURY

Plaintiff TIMOTHY C. DARNELL (Plaintiff) by and through

Counsel, brings this action against Defendants, SHERMETA, ADAMS &

VON ALLMEN, P.C. ("Defendant") and on the grounds and in the

amounts set forth herein:

## I. PRELIMINARY STATEMENT

1

Plaintiff brings this action for damages based upon the Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, and seeks actual damages, punitive damages, costs and attorney's fees.

## II.  PARTIES

**1.**

Plaintiff is a natural person and consumer, a resident of Redford, Wayne County, Michigan, and a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

**2.**

Defendant is a Michigan corporation and a debt collector law firm collecting a debt in its pursuit of Plaintiff.

**3.**

Defendant is a debt collector and meets the terms of a "debt collector" who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

**4.**

Defendants are engaged in the collection of debts from

consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due another and are a "debt collector" as provided in 15 U.S.C. §1692a(6).

### III. JURISDICTION AND VENUE

**5.**

This court has subject matter jurisdiction over this Complaint pursuant to the FDCAP, 15 U.S.C. § 1692 *et seq.*

**6.**

Venue is proper in the Eastern District-Southern Division of Michigan 15 U.S.C. § 1692k(d).

### IV. STATUTORY STRUCTURE

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

**7.**

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692.

**8.**

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3) including a spouse, 15 U.S.C. §1692c(d).

**9.**

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

**10.**

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

**11.**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

### 12.

In its initial phone contacts and subsequent contacts with Plaintiff, the Defendants must give any notice of Plaintiff's validation rights under 15 U.S.C. § 1692g(a) or 15 U.S.C. § 1692e(11) or notify him five days later of his rights to dispute or validate the debt during any of the contacts of Plaintiff.

### 13.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys' fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

### V. FACTUAL ALLEGATIONS

### 14.

In October of 2005, Plaintiff settled a debt with Northstar Location Services, LLC regarding a Chrysler Financial, Gold Key Lease. **Please see Exhibit 1**.

**15.**

In July of 2006, Defendant, on behalf of Gold Key Lease Inc, started to call and write to Plaintiff in collection of the same debt Plaintiff had already resolved. **Please see Exhibit 2**.

**16.**

Defendant made calls to Plaintiff that were made in a harassing, abusive tone and the callers for Defendant would not listen when Plaintiff explained that he had already paid the debt off.

**17.**

On July 20, 2006, Plaintiff wrote to Defendant explaining the situation and providing them the settlement letter. **Please see Exhibit 3**.

**18.**

On July 25, 2006, Defendant responded to Plaintiff's letter by filing a Request for Writ of Garnishment. **Please see Exhibit 4**. Plaintiff was not aware that he had been sued on the debt. Plaintiff filed his Objection to Garnishment and Notice of Hearing. **Please see Exhibit 5**.

**19.**

Case 2:06-cv-13645-BAF-MKM   Document 1   Filed 08/15/06   Page 7 of 18

Defendant filed an Objection to the Objection to Garnishment and stated in its brief that there is no evidence of any settlement and that the court should ignore the Objection to Garnishment. Plaintiff sent Defendant a letter from Defendant's own client stating that the "account was settled in full and your obligation with Chrysler Financial has been satisfied." **Please see Exhibit 6**.

### 20.

Defendant still refused to listen to Plaintiff and forced the parties to show up for a hearing on August 14, 2006 at the 21st District Court, case # 99-460-GC. At court, Defendant attorney pulled Plaintiff aside and asked to adjourn the matter until they could look over the paperwork again. Plaintiff refused as he had done everything he could to resolve this and wanted the court to rule. Whereupon, Defendant agreed the Judgement had been paid and agreed to release the Garnishment.

### 21.

As a result of the Defendants' wrongful conduct, Plaintiff has suffered statutory and actual damages and also seeks his attorney fees and costs under the FDCPA.

## VI. CAUSES OF ACTION

## CLAIM AGAINST DEFENDANTS

**22.**

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(5) by seeking an improper garnishment and execution on a debt Plaintiff does not owe.

**23.**

Defendant has violated the FDCPA, 15 U.S.C. § 1692e (10) by the use of false representations and deceptive means in its lawsuit and contact with Plaintiff and the 21st District Court, by failing to relinquish the garnishment and judgement on a debt that it had evidence it's own client had settled.

**24.**

Defendant has violated the FDCPA, 15 U.S.C. § 1692f(1) by attempting to collect a grossly inflated sum not founded upon any lawful instrument of indebtedness or authorization to sue Plaintiff on.

**25.**

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(2)(A) with the false representation of the character, amount and legal

status of the debt by increasing an amount of the debt already in dispute and not based on any agreement between the creditor and the Plaintiff.

**26.**

Defendant has violated the FDCPA, 15 U.S.C. § 1692e (10) by the use of false representations and deceptive means in its initial contact with Plaintiff, and by failing to alert Plaintiff that the debt collector is attempting to collect a debt and that any statements he makes will be used for that purpose under 15 U.S.C. § 1692e (11).

**27.**

Defendant has engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of this debt that Plaintiff did not owe in violation of 15 U.S.C. § 1692d.

**28.**

As a result of the actions of Defendants, Plaintiff hired the undersigned counsel. Counsel has been an attorney in good standing for almost 13 years and has handled thousands of consumer cases, personally. Counsel is known in his field as a consumer advocate and

a competent, experienced consumer trial attorney. As a result, counsel's time is billed at the reasonable rate of $300.00 an hour.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief as against the Defendant:

1. For compensatory damages;
2. For statutory damages;
3. For Punitive damages;
4. For Attorney's fees and costs incurred in this action; and
5. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all Issues.

This 14th of August, 2006.

Respectfully submitted,

THE LAW OFFICES OF BRIAN P. PARKER

_____
BRIAN P. PARKER (P48617)
Attorney for Plaintiff

95 John Muir Drive, Suite 100  
Amherst, NY 14228-1144

**NORTHSTAR LOCATION SERVICES, LLC**

RETURN SERVICE REQUESTED

1-866-224-9824  
Hours Mon-Fri 8AM-10PM EST,  
Sat 8AM-12PM EST

Timothy C Darnell  
9559 Garfield  
Redford MI 48239

Re:             Chrysler Financial  
Client Ref #:  
Date:           10/07/05  
Balance:        $2,100.69  
Settlement Due: $1,050.34

This letter serves as confirmation that, as the duly authorized representative for Chrysler Financial, we have agreed to accept less than the full balance due as settlement on the above mentioned account. The settlement as offered shall be in the total amount of $1,050.34 with the first payment of $525.17 due in our office by 10/07/05, and the final payment of $525.17 due in our office on 10/15/05.

If you have any questions regarding the above account, please contact our office at 1-866-224-9824. Please be advised that if this item does not clear through your bank, this settlement offer will be considered null and void.

Federal law requires that we inform you this communication is from a professional debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Our client, Chrysler Financial may provide information to credit bureaus about an insolvency, delinquency, late payment, or default in your account to include your credit report.

---

To ensure proper credit, return this portion with your payment

Timothy C Darnell  
9559 Garfield  
Redford MI 48239

Re:             Chrysler Financial  
Client Ref #:  
Date:           10/07/05  
Balance:        $2,100.69  
Settlement Due: $1,050.34

Amount Remitted: _____

Northstar Location Services, LLC  
Attn: Financial Services Dept.  
95 John Muir Drive, Suite 100  
Amherst, NY 14228-1144

## SHERMETA, ADAMS & VON ALLMEN, P.C.

ATTORNEYS AND COUNSELORS AT LAW
445 South Livernois Road, Suite 333
P.O. Box 5016
Rochester Hills, MI 48308-5016
(248) 652-8200
FAX (248) 652-1292

JULY 13, 2006

TIMOTHY C. DARNELL
9559 GARFIELD
REDFORD, MI  48239


RE:   GOLD KEY LEASE, INC.

Account Number:   ████████
Our file Number:  179514


Dear TIMOTHY C. DARNELL:

We have recently reviewed your account on behalf of our client,
GOLD KEY LEASE, INC..  As of today's date, the
balance on this account is $3,906.32.

Please contact the Recovery Department at 248-652-3278 to discuss
payment arrangements.  If you are calling long distance within
Michigan, the number is 1-800-451-7992 or if you are calling out
of state, the number is 1-800-223-5685.

Sincerely,
SHERMETA, ADAMS & VON ALLMEN, P.C.


RECOVERY DEPARTMENT


BN/179514-001




NOTICE:   THIS COMMUNICATION IS FROM A DEBT COLLECTOR
          ATTEMPTING TO COLLECT A DEBT.

Exhibit #3

TIMOTHY DARNELL

9559 Garfield
Redford, MI 48239

July 20, 2006

To whom it may concern;

I received you're letter the other day in the mail at which time I contacted you're office in regards to this matter. Enclosed is a letter from the collection agency that I have made arrangements with to settle this account. I have satisfied my obligation per the agreement I made with said collection agency. I tried to settle this with the person in your office over the phone but he became combative and as much as called me a liar when I tried to explain the situation to him. If you need any more information concerning this matter please contact the collection agency that handled this. If your office contacts me again I'll consider that harassment and I'll be forced to have my attorney handle it.

Sincerely
Timothy Darnell

TIMOTHY DARNELL

| STATE OF MICHIGAN<br>____ JUDICIAL DISTRICT<br>____ JUDICIAL CIRCUIT | REQUEST AND WRIT FOR GARNISHMENT<br>(PERIODIC) | CASE NO. |
|---|---|---|

Court address · Zip code · Court telephone no.

- Plaintiff name and address (judgment creditor)
- v
- Plaintiff's attorney, bar no., and address
- Telephone no.

- Defendant name and address (judgment debtor)
- Social security no. · Employee ID or account no.
- Garnishee name and address

**REQUEST**

1. Plaintiff received judgment against defendant for $ _____ on _____
2. The amount of the unsatisfied judgment now due (including interest and costs) is $ _____
3. Plaintiff knows or with good reason believes that the garnishee is indebted or obligated to the defendant for periodic payments.
4. Plaintiff requests a writ of periodic garnishment.

I declare that the statements above are true to the best of my information, knowledge, and belief.

_____ Date    _____ Plaintiff/Agent/Attorney signature

**WRIT OF GARNISHMENT** | To be completed by the court. See other side for additional information and instructions.

**TO THE PLAINTIFF:** You must provide all copies of the disclosure form (MC 14), 2 copies of this writ, and a $6.00 disclosure fee for serving on the garnishee. You are responsible for having these documents served on the garnishee within 91 days.

**TO THE DEFENDANT:**
1. You have **14 days** after this writ is mailed or delivered to you to file objections with the court. If you do not take this action within this time, without further notice, periodic payments due to you may be withheld for as long as 91 days after this writ is issued and paid directly to the plaintiff.

**TO THE GARNISHEE:**
1. Within **7 days** after you are served with this writ, you must deliver a copy of this writ to the defendant in person or mail a copy to his or her last known address by first class mail.
2. Within **14 days** after you are served with this writ, you must deliver or mail copies of your verified disclosure (form MC 14) to the court, plaintiff/attorney, and defendant. A default may be entered against you for failure to comply with this order.
3. Do not pay any obligations to the defendant unless allowed by statute or court rule.
4. If indebted, withholding must begin according to court rule (see instructions on the Garnishee Disclosure form). Unless notified that an objection has been filed, **28 days** after you are served with this writ you must begin forwarding withheld payments.

You are ordered to make all payments withheld under this writ payable to
☐ the plaintiff  ☐ the plaintiff's attorney
and mail them to: ☐ the plaintiff  ☐ the plaintiff's attorney

5. This periodic garnishment is effective until: a) the amount withheld equals the amount of the unpaid judgment as stated in item 2. of the request; b) the expiration of 91 days after the issue date of this writ; or c) the amount withheld exceeds the remaining unpaid judgment as stated in item 2. of the request.
6. Within **14 days** after this writ expires, you must file a final statement of the total amount paid on this writ.

A TRUE COPY

_____ Date of issue    _____ Expiration date    _____ Clerk of the court/Deputy    DEPUTY CLERK

MC 12 (6/04) REQUEST AND WRIT FOR GARNISHMENT (PERIODIC)    MCL 600.4011 et seq., MCR 3.101

Approved, SCAO

Original - Court
1st copy - Plaintiff
2nd copy - Defendant
3rd copy - Garnishee

Exhibit #5

| STATE OF MICHIGAN<br>21st JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT | OBJECTIONS TO GARNISHMENT AND NOTICE OF HEARING | CASE NO.<br>02946OGC |
|---|---|---|

Court address: 6000 Middlebelt Road, Garden City, MI 48135   Court telephone no. 734-793-1680

**Plaintiff's name and address**
Gold Key Lease Inc,
Jacksonville, FL 32244

v

**Defendant's name, address, soc. sec. no. or employee ID no.**
Timothy C. Darnell
45549 Garfield
Redford MI 48239
SSN ███

**Plaintiff's attorney, bar no., address, and telephone no.**
Shermeta, Adams & Von Allmen P.C.
By: Ricia N. McKinnon (P57814)
P.O. Box 5014 Rochester MI 48308
(248) 652-7200

**Garnishee's name and address**
Okeller Tool
ATTN: Payroll
12701 Inkster
Livonia MI 48150

**OBJECTIONS TO GARNISHMENT**

I object to the garnishment issued on __7-25-06__ and request a hearing on this objection because:
☐ a. the funds or property are exempt from garnishment by law.
☐ b. garnishment is precluded by the pendency of bankruptcy proceedings.
☐ c. garnishment is barred by an installment payment order.
☐ d. garnishment is precluded because the maximum amount permitted by law is being withheld under a higher priority order.
☒ e. the judgment has been paid.
☐ f. the garnishment was not properly issued or otherwise invalid.

I was served with a copy of the writ on __8-1-06__

Date: __8-2-06__    Signature of defendant: [signed]

**NOTICE OF HEARING ON OBJECTIONS**

1. On __8/3/06__ the defendant filed objections to the writ of garnishment dated __7/25/06__.
2. A hearing is scheduled on __Monday, 8/14/06__ at __9:00 a.m.__ at __above address__ before Hon. __Richard Hammer__
3. The defendant and plaintiff are required to appear.
4. The garnishee ☐ is ☒ is not required to appear.
5. ☒ a. Objections were filed within 14 days of the defendant being served with the writ. The garnishee shall continue to withhold funds but shall not release withheld funds until further order of the court.
   ☐ b. Objections were filed 14 days or more after the defendant was served with the writ. The garnishee shall continue to withhold and release funds unless otherwise ordered by the court.

Date: __8-3-06__    Deputy court clerk: [signed] Donna W.

A TRUE COPY
[signed] DW
DEPUTY CLERK

**CERTIFICATE OF MAILING**

I certify that on this date I mailed copy of this notice to the plaintiff, garnishee, and defendant at the addresses stated above.

Date: __8/3/06__    Signature: [signed] Donna W.

1-800-554-... DEFENDANT

MC 49 (8/99)   OBJECTIONS TO GARNISHMENT AND NOTICE OF HEARING   15 USC 1672, 15 USC 1673, MCR 3.101(K)(3)

FROM: INKSPOT PRINTING    3135340690    TO:18666429875    P.4
2:03 PM FR
Case 2:06-cv-13645-BAF-MKM   Document 1   Filed 08/15/06   Page 16 of 18

Exhibit #6

# DAIMLERCHRYSLER

Chrysler Financial

08/10/2006

TIMOTHY C DARNELL

RE: Acct: # ▓▓▓▓▓▓

Dear Customer(s):

This letter shall serve as evidence that the above referenced account was settled in full and your obligation with Chrysler Financial has been satisfied.

Thank you,

Jennifer Coleman
Recovery Specialist
(800) 388-4275 ext 2807

# COVER SHEET

COUNTY IN WHICH THIS ACTION AROSE: Wayne

The information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required the Clerk of Court for the purpose of initiating the civil docket sheet.

## PLAINTIFFS
Timothy C. Darnell

(b) County of Residence of First Listed: Wayne

(c) Attorneys (Name, Address and Telephone Number)
Brian P. Parker (P48617)
30700 Telegraph Road, Suite 1580
Bingham Farms, MI 48025
(248) 642-6268

## DEFENDANTS
Shermeta, Adams & Von Allmen, P.C.

County of Residence of First Listed: Oakland

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES

Case: 2:06-cv-13645
Assigned To: Friedman, Bernard A
Referral Judge: Majzoub, Mona K
Filed: 08-15-2006 At 03:33 PM
CMP DARNELL VS SHERMETA (LE)

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**OTHER STATUTES**
[X] 890 Other Statutory Actions — 15 U.S.C. §1692 et seq.

## V. ORIGIN
[X] 1 Original Proceeding

## VI. CAUSE OF ACTION
Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

## VII. REQUESTED IN COMPLAINT:
$ DEMAND: $25,000+
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

DATE: 8-15-06
SIGNATURE OF ATTORNEY OF RECORD: X [signature]

# PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes: